**FILED**
United States Court of Appeals
Tenth Circuit

**April 3, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

ALAN SWENDRA,

    Movant.

No. 09-1103

---

**ORDER**

---

Before **BRISCOE**, **MURPHY**, and **McCONNELL**, Circuit Judges.

---

Alan Swendra seeks authorization to file a second or successive 28 U.S.C. § 2254 habeas petition. Because he has not made the requisite showing under 28 U.S.C. § 2244(b)(2), we deny his request.

In February 1991, Mr. Swendra was convicted in case number 90-CR-1114, in Jefferson County, Colorado District Court of first-degree murder, attempted aggravated robbery, and conspiracy to commit aggravated robbery. He filed his first § 2254 petition in 1995. The district court dismissed his petition for failure to exhaust state remedies. On appeal, this court affirmed the district court's dismissal without prejudice to Mr. Swendra seeking a subsequent writ once he exhausted his state court remedies. Mr. Swendra filed his second § 2254 petition in 1998. The district court dismissed the writ with prejudice and denied Mr. Swendra's request for a certificate of appealability. This court denied

Mr. Swendra's request for a certificate of appealability and dismissed the appeal. Mr. Swendra now seeks leave to file a second or successive § 2254 petition, arguing that he has newly discovered evidence to support his new claims for relief.

Mr. Swendra's request for authorization to file a second or successive § 2254 petition may be granted if his new claims rely on a "factual predicate . . . [that] could not have been discovered previously through the exercise of due diligence," 28 U.S.C. § 2244(b)(2)(B)(i); and "the facts underlying the claim, if proven . . . would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense[s]," *id*. § 2244(b)(2)(B)(ii). Mr. Swendra seeks leave to present two new claims: (1) fundamental miscarriage of justice and (2) government intentionally caused procedural default.

Mr. Swendra asserts that his newly discovered evidence to support these claims involves missing transcripts and other record evidence from his trial that show he was "intentionally tried and convicted in the complete absence of all jurisdiction by way of an improperly/unlawfully seated court." Mot. for Leave at 6(f). This alleged evidence, however, deals with procedural issues at trial involving the disqualification of the trial judge and a motion to change venue. Mr. Swendra's "evidence" does not meet the standard for authorization because it

does not involve facts that "if proven . . . would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense[s]."  28 U.S.C. § 2244(b)(2)(B)(ii).

Because Mr. Swendra has failed to satisfy the requisite conditions in 28 U.S.C. § 2244(b)(2), authorization to file a second or successive § 2254 petition is DENIED.  This denial of authorization is not appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.  28 U.S.C. § 2244(b)(3)(E).

> Entered for the Court,
>
> ELISABETH A. SHUMAKER, Clerk